MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 696-4848
Facsimile: (212) 696-1231
Andrew R. Gottesman, Esq.
Maria E. Garcia, Esq.
Gabriel Altman, Esq.

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**　　　Chapter 11
**SOUTHERN DISTRICT OF NEW YORK**

In re:

COSMOLEDO, LLC, *et al.*[1]

Case No. 20-12117 (    )

(Joint Administration Pending)

　　　　　　　Debtors.

### APPLICATION OF THE DEBTORS IN SUPPORT OF ORDER AUTHORIZING AND APPROVING RETENTION OF MINTZ & GOLD LLP AS ATTORNEYS FOR THE DEBTORS

TO THE HONORABLE _____,
UNITED STATES BANKRUPTCY JUDGE:

　　　　Cosmoledo, LLC ("Cosmoledo"), and its affiliated debtors and debtors in possession in

the above-captioned cases (collectively the "Debtors"), by their CEO, José Alcalay, hereby

submit this Application (the "Application") seeking entry of an order in the form annexed hereto

---

[1]　　　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cosmoledo, LLC (6787); Breadroll, LLC, (3279); 688 Bronx Commissary, LLC (6515); 95 Broad Commissary, LLC (2335); 178 Bruckner Commissary, LLC (2581); 8 West Bakery, LLC (6421); NYC 1294 Third Ave Bakery, LLC (2001); 921 Broadway Bakery, LLC (2352); 1800 Broadway Bakery, LLC (8939); 1535 Third Avenue Bakery, LLC (1011); 2161 Broadway Bakery, LLC (2767); 210 Joralemon Bakery, LLC (4779); 1377 Sixth Avenue Bakery, LLC (9717); 400 Fifth Avenue Bakery, LLC (6378); 1400 Broadway Bakery, LLC (8529); 575 Lexington Avenue Bakery, LLC (9884); 685 Third Avenue Bakery, LLC (9613); 370 Lexington Avenue Bakery, LLC (0672); 787 Seventh Avenue Bakery, LLC (6846); 339 Seventh Avenue Bakery, LLC (1406); and 55 Hudson Yards Bakery, LLC (7583).

(the "Proposed Order"), authorizing the Debtors' joint retention of Mintz & Gold LLP ("M&G") as their attorneys in these chapter 11 cases.

In support of the Motion, the Debtors rely upon and incorporate by reference the declaration of Jose Alcalay, Chief Executive Officer of Cosmoledo, LLC in Support of Chapter 11 Petitions and First Day Pleadings (the "1007 Declaration"), filed with the Court concurrently herewith and the declaration of Andrew R. Gottesman, Esq. (the "Gottesman Declaration") as to M&G's disinterestedness, which is annexed hereto as Exhibit A. Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein are sections 327(a), 330(a), 331 and 1107 of title 11 of the United States Code, 11 U.S.C., *et seq*. (the "Bankruptcy Code"); Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**BACKGROUND**

3.      On September 10, 2020 the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

4.      The Debtors continue to operate their business and manage their property as a debtors and debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. Contemporaneously herewith, the Debtors have requested joint administration of these chapter 11

cases. No trustee or examiner has been appointed in this case. No official committee of unsecured creditors has been appointed.

5.      The Debtors own and operate sixteen (16) fine casual bakery cafés in New York City under the trade name "Maison Kayser." Maison Kayser, a global brand, is an authentic artisanal French boulangerie that has been doing business in New York since 2012. Despite its loyal customer base, the Debtors' production and operational costs required a reorganization of their production facilities and store level management that was completed throughout 2019 into early 2020. At approximately the same time this restructuring was nearing completion, Governor Cuomo declared a state of emergency for the State of New York which required the Debtors to temporarily cease operations.[2] The Debtors determined that there was too great a risk that future operations would fail to generate sufficient capital to repay their obligations in the ordinary course of business and continue profitable operations in the near term. Accordingly, the Debtors decided to not reopen their cafés and began seeking restructuring alternatives in mid-July.

6.      The Debtors filed these cases to seek approval of a sale of the Debtor's assets and effectuate an orderly liquidation of the remainder of their assets. These cases are necessary to protect the Debtors' assets in order to maximize the value of their estates. Without the protection available under of the Bankruptcy Code, the Debtors would undoubtedly face the immediate and irreparable reduction of their asset base, including their interests under the non-residential leases for many of their stores.  The Debtors also face the potentially exorbitant cost of state court litigation by multiple unpaid creditors. The Debtors filed a motion, concurrently herewith, for approval of bidding procedures and ultimately a sale of substantially all of their assets (the "363

---

[2]      *See* New York State Exec. Order No. 202, dated March 7, 2020.

Motion"). The Debtors hope to have the 363 Motion approved and the sale contemplated therein quickly and follow a closing with confirmation of a liquidating plan.

7.      Additional facts regarding the Debtors' business, the events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the 1007 Declaration.

## RELIEF REQUESTED

8.      The Debtors seek to jointly retain M&G as their attorneys in the chapter 11 cases. Accordingly, the Debtors request entry of an order, substantially in the form annexed hereto, pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rule 2014(a), authorizing the Debtors to employ and retain M&G as their attorneys to perform services necessary in the chapter 11 cases. The Debtors selected M&G because M&G has extensive experience in representing debtors and creditors in complex restructuring matters and bankruptcy cases. M&G also has deep experience in debt restructuring, litigation, real estate and corporate reorganization. Accordingly, the Debtors' management believes that M&G is well-suited to represent the Debtors in the instant proceedings.

9.      M&G intends to work closely with the Debtors, Debtors' representatives and the other professionals retained by the Debtors to ensure there is no unnecessary duplication of services performed or charged to the Debtors' estates. The Debtors intend to monitor and direct the services to be provided to maximize efficiencies and promote economy efforts for the benefit of the estate. Accordingly, authorizing the relief requested herein is appropriate in these chapter 11 cases.

10.     M&G is fully familiar with the Debtors' legal issues, corporate structure, capital structure and operations. M&G has been working with the Debtors in conjunction with their pre-petition marketing efforts and has been instrumental in helping the Debtors prepare for filing and

prosecuting these cases. The Debtors believe that their estates would bear an additional and unnecessary expense should Debtors be required to obtain new counsel that was unfamiliar with the Debtors and their operations.

## **SCOPE OF SERVICES**

11.     M&G will provide various services that may include, but are not necessarily limited to, the following services (the "Services"):

    a.  Advising to the Debtors with respect to its powers and duties as Debtor-in-Possession and the continued management of its property and affairs;

    b.  Assisting the Debtors with negotiating an asset purchase agreement to form the basis of a sale process pursuant to section 363 of the Bankruptcy Code and seeking approval of a sale to successful bidder procured as a result of such process, which is described in greater detail in the 363 Motion being filed simultaneously herewith;

    c.  Negotiating with creditors of the Debtors and work out a plan of liquidation and take the necessary legal steps in order to effectuate such a plan including, if need be, negotiations with the creditors and other parties in interest;

    d.  Preparing the necessary answers, orders, reports and other legal papers required for a debtor who seeks protection from its creditors under Chapter 11 of the Bankruptcy Code;

    e.  Appearing before the Bankruptcy Court to protect the interest of the Debtors and to represent the Debtors in all matters pending before the Court;

    f.  Attending meetings and negotiating with representatives of creditors and other parties in interest;

    g.  Advising the Debtors in connection with any potential post-petition financing or refinancing of secured debt;

    h.  Taking any necessary action to obtain approval of a disclosure statement and confirmation of a plan of liquidation; and

    i.  Performing all other legal services for the Debtors which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtors, their creditors and the estates.

## M&G'S DISINTERESTEDNESS

12.    To the best of the Debtors' knowledge, M&G has no connection with the creditors or any other party in interest or their attorneys and does not hold or represent any interest adverse to the Debtors' estates. As set forth in the Gottesman Declaration, M&G represents no interest adverse to the Debtors or to their estate(s). M&G has reviewed a list of the Debtor's creditors, insiders and potential adverse parties and has not represented any of them in connection with this or any other matter, except as otherwise be set forth in the Gottesman Declaration. Specifically, M&G represented one creditor of Debtors, Interaudi Bank more than two years ago. However, M&G's representation of Interaudi Bank was unrelated to Debtors or their business, and said representation concluded in its entirety more than two years ago. Accordingly, the Debtors believe that M&G is a "disinterested person" as defined in Bankruptcy Code § 101(14), in that M&G (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of any of the Debtors; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. *See* 11 U.S.C. § 101(14).

13.    Debtors believe that M&G's employment is necessary and in the best interest of the Debtors and their estates.

14.    M&G will periodically review its files during the pendency of the Debtors' bankruptcy cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If M&G discovers any information that requires disclosure, it will inform the Debtors and file a supplemental disclosure with the Court.

## M&G'S COMPENSATION

15.     M&G was retained by the Debtors under a general retainer on July 21, 2020. M&G has been compensated pursuant to an agreement with the Debtors for all work done repetition and is not owed any fees or expenses as of the Petition Date.

16.     Subject to Court approval, the Debtors believe that M&G should be employed and compensated for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. M&G's Bankruptcy practice group's 2020 hourly rates for matters related to these Chapter 11 proceedings are as follows:

| | |
|---|---|
| Partners | $425 - $850 |
| Associates | $220 - $460 |
| Paraprofessionals | $50 - 100 |

17.     The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are also generally below the industry standard rates for work of this nature. These rates are designed to fairly compensate M&G for the work of its attorneys and paralegals and to cover fixed routine overhead expenses and are charged to bankruptcy and non-bankruptcy clients alike.

18.     Subject to the Court's approval, as set forth in the Gottesman Declaration, M&G will (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses. M&G will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.

19.     As further set forth in the Gottesman Declaration, M&G will apply to the Court for payment of compensation and reimbursement of expenses which may include, but are not limited

to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging, in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses as those procedures may be modified or supplemented by order of this Court.

20.     The Debtors desire to retain M&G to perform the Services, which are vital to the administration of these chapter 11 cases and the Debtors believe that M&G's fee and expense structure is consistent with and typical of compensation arrangements entered into by M&G and other comparable firms in connection with the rendering of similar services under similar circumstances. The Debtors believe that the fee structure requested by M&G as compensation for the services to be rendered by the firm is reasonable.

21.     As noted above, M&G has provided pre-petition financial and restructuring services to the Debtors. M&G was formally retained on July 21, 2020. M&G has received a $298,000 pre-petition retainer from the Debtors in connection with the engagement contemplated herein (the "Retainer"), which was utilized to cover fees and expenses incurred prior to the commencement of these bankruptcy cases. According to M&G's books and records, the full amount of the Retainer was applied against its fees and expenses incurred for services provided prior to the filing of the Debtors' bankruptcy petitions in the amount of $319,924. M&G has waived any additional amounts owed.

## BASIS FOR RELIEF REQUESTED

22.     Section 327(a) of the Bankruptcy Code provides that a debtor in possession may, with the court's approval, employ professionals that do not hold or represent an interest adverse to

the estate and that are "disinterested persons," as defined by section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14), 327(a); *see also In re Granite Partners, L.P.*, 219 B.R. 22, 32 (Bankr. S.D.N.Y. 1998).

23.    The services provided by M&G will enable the Debtors to execute faithfully their duties as debtors-in-possession, help maximize the value of the Debtors' estates and are necessary to the successful functioning and conclusion of these chapter 11 cases. Based upon its experience and expertise, the Debtors' management believes that M&G is well qualified to represent the Debtors during these chapter 11 cases in an efficient, cost-effective, and timely manner. As stated above, the Debtors do not believe that M&G holds or represents any interest adverse to the Debtors' estates, and they believe that M&G is a "disinterested person" under the Bankruptcy Code. Accordingly, the Debtors submit that the retention of M&G is in the best interests of the Debtors, their estates, and their creditors, and should be approved by the Court.

## DEBTORS REQUEST IMMEDIATE RELIEF NECESSARY
## TO AVOID IMMEDIATE AND IRREPARABLE HARM

24.    Bankruptcy Rule 6003 provides that the relief requested in this Application may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003; *see also In re First NLC Fin. Servs.*, LLC, 382 B.R. 547, 549 (Bankr. S.D. Fla. 2008) (holding that Bankruptcy Rule 6003 permits entry of retention orders on interim basis to avoid irreparable harm). The Second Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the Second Circuit instructed that irreparable harm "'is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X-Ray Labs., Inc. v.*

*INS*, 523 F.2d 79, 81 (2d Cir. 1975)).

25.     The Debtors require the necessary stewardship through the chapter 11 process. From its pre-petition work with the Debtors, M&G has an intimate familiarity with the Debtors, their operations and management. The cost and delay necessary to engage new counsel would not only be burdensome, but could endanger the sale process the Debtors, their management and their advisors have worked so hard to achieve. The Debtors therefore submit that, for these reasons and the other reasons already set forth herein, the relief requested in this Application is necessary to avoid immediate and irreparable harm.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order annexed hereto granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: September 10, 2020
New York, New York

COSMOLEDO, LLC
BREADROLL, LLC
688 BRONX COMMISSARY, LLC
95 BROAD COMMISSARY, LLC
178 BRUCKNER COMMISSARY, LLC
8 WEST BAKERY, LLC
NYC 1294 THIRD AVENUE BAKERY, LLC
921 BROADWAY BAKERY, LLC
1800 BROADWAY BAKERY, LLC
1535 THIRD AVENUE BAKERY, LLC
2161 BROADWAY BAKERY, LLC
210 JORALEMON BAKERY, LLC
1377 SIXTH AVENUE BAKERY, LLC
400 FIFTH AVENUE BAKERY, LLC
1400 BROADWAY BAKERY, LLC
575 LEXINGTON AVENUE BAKERY, LLC
685 THIRD AVENUE BAKERY, LLC
370 LEXINGTON AVENUE BAKERY, LLC
787 SEVENTH AVENUE BAKERY, LLC
339 SEVENTH AVENUE BAKERY, LLC

55 HUDSON YARDS BAKERY, LLC

By: _/s/ José Alcalay_
     José Alcalay, CEO

**UNITED STATES BANKRUPTCY COURT**　　Chapter 11
**SOUTHERN DISTRICT OF NEW YORK**

In re:

COSMOLEDO, LLC, *et al.*[1]　　　　　　Case No. 20-12117 (    )

　　　　　　　　　　　　　　　　　　　(Joint Administration Pending)

　　　　　　　　Debtors.

## ORDER AUTHORIZING AND APPROVING RETENTION
## OF MINTZ & GOLD LLP AS ATTORNEYS FOR THE DEBTORS

　　Upon the Application, (the "Application")[2] of Cosmoledo, LLC ("Cosmoledo"), and its

affiliated debtors and debtors in possession in the above-captioned cases (collectively the

"Debtors"), seeking to retain Mintz & Gold LLP ("M&G") as counsel to the Debtors pursuant to

§ 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code")

and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and upon the

accompanying Declaration of Andrew R. Gottesman, Esq. attached to the Application; and the

Court having found that M&G neither holds nor represents an interest adverse to the Debtors or

their estates, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its

employment is necessary and would be in the best interest of the estates; and the Court having

jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§

157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1]　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, include: Cosmoledo, LLC (6787); Breadroll, LLC, (3279); 688 Bronx Commissary, LLC
(6515); 95 Broad Commissary, LLC (2335); 178 Bruckner Commissary, LLC (2581); 8 West Bakery, LLC (6421);
NYC 1294 Third Ave Bakery, LLC (2001); 921 Broadway Bakery, LLC (2352); 1800 Broadway Bakery, LLC (8939);
1535 Third Avenue Bakery, LLC (1011); 2161 Broadway Bakery, LLC (2767); 210 Joralemon Bakery, LLC (4779);
1377 Sixth Avenue Bakery, LLC (9717); 400 Fifth Avenue Bakery, LLC (6378); 1400 Broadway Bakery, LLC (8529);
575 Lexington Avenue Bakery, LLC (9884); 685 Third Avenue Bakery, LLC (9613); 370 Lexington Avenue Bakery,
LLC (0672); 787 Seventh Avenue Bakery, LLC (6846); 339 Seventh Avenue Bakery, LLC (1406); and 55 Hudson
Yards Bakery, LLC (7583).

[2]　　Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.,
the 1007 Declaration, or the Gottesman Affidavit.

and notice of the Application having been given as set forth in the Application; and it appearing

that no other notice need be provided; and upon the record of the interim hearing held on

_____, 2020; and the relief requested in the Application being in the best

interests of the Debtor and their estates and creditors; and no objections having been interposed to

the relief sought in the Application or any such objections having been heard and overruled; after

due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1.    The Application is granted as set forth herein.

2.    Pursuant to § 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to

employ and retain M&G as their counsel in this case.

3.    M&G shall be compensated and reimbursed upon proper application pursuant to §§

330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules,

Local Rules and fee and expense guidelines and orders of this Court.

4.    M&G shall apply any remaining amounts of its pre-petition retainer as a credit

toward post-petition fees and expenses, only after such post-petition fees and expenses are

approved pursuant to the first Order of the Court awarding fees and expenses to M&G.

5.    At least ten (10) days before implementing any increases in M&G's rates for

professionals in this case, M&G shall file a supplemental affidavit with the Court that shall explain

the basis for the rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code. All

parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all

grounds, including but not limited to, the reasonableness standard provided for in § 330 of the

Bankruptcy Code.

6.      The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

7.      If there is any inconsistency between the terms of this Order, the Application, and the Declaration of Andrew R. Gottesman, Esq. in support thereof, the terms of this Order shall govern.

Dated: _____, 2020
          New York, New York


          _____
          Hon. _____
          United States Bankruptcy Judge