**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Chapter 11

In re:

COSMOLEDO, LLC, *et al.*[1]

Case No. 20-12117 (MEW)

Jointly Administered

Debtors.

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application (the "Application")[2] of the "Debtors, for entry of an order (this "Order") (i) establishing deadlines (collectively, the "Bar Dates") for (a) filing of Proofs of Claim against the Debtors for claims that arose prior to September 10, 2020 (the "Petition Date"), including claims arising under section 503(b)(9) of the Bankruptcy Code, and (b) filing Administrative Claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code that arose on or before November 2, 2020; (ii) approving the form and manner of noticing thereof; and (iii) granting related relief; and it appearing that such requested relief is in the best interests of the Debtor, its estate, and creditors and that the Debtor has complied with the Bar Date Guidelines such that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby; this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these chapter 11 cases and the Application in this

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cosmoledo, LLC (6787); Breadroll, LLC, (3279); 688 Bronx Commissary, LLC (6515); 95 Broad Commissary, LLC (2335); 178 Bruckner Commissary, LLC (2581); 8 West Bakery, LLC (6421); NYC 1294 Third Ave Bakery, LLC (2001); 921 Broadway Bakery, LLC (2352); 1800 Broadway Bakery, LLC (8939); 1535 Third Avenue Bakery, LLC (1011); 2161 Broadway Bakery, LLC (2767); 210 Joralemon Bakery, LLC (4779); 1377 Sixth Avenue Bakery, LLC (9717); 400 Fifth Avenue Bakery, LLC (6378); 1400 Broadway Bakery, LLC (8529); 575 Lexington Avenue Bakery, LLC (9884); 685 Third Avenue Bakery, LLC (9613); 370 Lexington Avenue Bakery, LLC (0672); 787 Seventh Avenue Bakery, LLC (6846); 339 Seventh Avenue Bakery, LLC (1406); and 55 Hudson Yards Bakery, LLC (7583).

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that further notice of the Application and the relief requested therein is not required under Section 2 of Court's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim; and a hearing having been held to consider the relief requested in the Application; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The General Bar Date, Administrative Claims Bar Date, Governmental Bar Date, Amended Schedule Bar Date, Rejection Bar Date, the Bar Date Notice Package; and the manner of providing notice of the Bar Dates and filing of Proofs of Claim and Administrative Expense Forms as proposed in the Application are approved. The Debtors are hereby authorized to serve the Bar Date Notice Package as set forth in this Order.

3.      Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the Petition Date, *including* claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall file a proof of such claim so that it is actually received by Donlin Recano & Company, Inc. (the "Notice and Claims Agent") on or before **January 8, 2021 at 4:00 p.m. (Eastern Time)** (the "General Bar Date").

4.      Notwithstanding any other provision hereof, proofs of claim filed by any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) must be filed so as to be actually received by the Claims and Noticing Agent on or before **March 10, 2021, at 4:00 p.m. (Eastern Time)**, or the first business day following the date that is 180 days after the date of the orders for relief filed by the Debtors (the "Governmental Bar Date").

5.      Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) holding any right to payment constituting an actual, necessary cost or expense of administering these cases or preserving the estates, including, but not limited to, claims under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code (excluding, for the avoidance of doubt, claims arising under section 503(b)(9) of the Bankruptcy Code) that arose during the period from the Petition Date through November 2, 2020 Closing Date, shall file an Administrative Expense Form on or before **January 8, 2021 at 4:00 p.m. (Eastern Time)** (the "Administrative Claim Bar Date").

6.      Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the applicable General Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

7.      The following procedures for the filing of the Proof of Claim Form and the

Administrative Claim Form shall apply:

a.      Proofs of claim must be submitted on the Proof of Claim Form attached hereto as Exhibit 2 or otherwise conform substantially to Official Bankruptcy Form No. 410;

b.      Requests for payment of administrative claims shall conform substantially to the Administrative Claim Form attached hereto as Exhibit 3;

c.      Proofs of Claim and Administrative Claim Forms must be filed (a) electronically through the website of the Notice and Claims Agent using the interface available on such website located at https://www.donlinrecano.com/Clients/mk/FileClaim; or (b) by hand delivery or mailing the original proof of claim form either by U.S. Postal Service mail or overnight delivery on or before the applicable Bar Date as follows: If sent by mail, to: Donlin, Recano & Company, Inc., Re: Cosmoledo, LLC, *et al.*, P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219. If sent by overnight delivery or hand delivery, to: Donlin, Recano & Company, Inc., Re: Cosmoledo, LLC, *et al.*, 6201 15th Avenue, Brooklyn, NY 11219;

d.      Proofs of Claim Forms and Administrative Expense Forms shall be deemed filed only when actually received by the Claims and Noticing Agent on or before the applicable Bar Date;

e.      Proofs of Claim Forms and Administrative Expense Forms must (i) be signed by the claimant or by an authorized  agent of the claimant; (ii) include supporting documentation (or, if such documentation is voluminous, a summary) or an explanation as to why such documentation is not available; (iii) be written in the English language; and (iv) be denominated in United States currency;

f.      In addition to the requirements set forth in (e) above, any proof of  claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of this Court authorizing the Debtors to pay prepetition claims; and

g.      Proofs of claim and Administrative Expense Forms must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each

Debtor. Any proof of claim purporting to indicate a claim against more than one Debtor shall be deemed filed only against the first listed Debtor. Any claim filed under the joint administration case number for these chapter 11 cases (Cosmoledo, LLC, *et al.*, Case No. 20-2117) or otherwise without identifying a Debtor shall be deemed filed only against Cosmoledo, LLC.

8.  Proofs of Claim need not be filed as to the following types of claims:

    a.  Any claim as to which the holder has already filed a proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the Southern District of New York or with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 adopted by the Court;

    b.  Any claim listed on the Schedules, provided that: (i) such claim is not scheduled as "disputed," "contingent" or "unliquidated," (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules, and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

    c.  Any claim that has been allowed by a final order of the Court entered on or before the applicable Bar Date;

    d.  Any claim that has been paid in full by any of the Debtors;

    e.  Any claim for which a specific deadline has previously been fixed by order of the Court; and

    f.  Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate that arose after November 2, 2020;

    g.  Any claim of a Debtor against any of the other Debtors, or any non- Debtor subsidiaries of Cosmoledo, LLC having a claim against any of the Debtors.

9.  The following persons or entities, whose Administrative Expense Claim would otherwise be subject to the Administrative Claims Bar Date pursuant to this Order, need not file an Administrative Expense Form on or prior to any Bar Date:

    a.  the UST, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

5

b.     professionals retained by the Debtors or the Creditors Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code §§ 330, 331, and 503(b);

c.     any person or entity whose Administrative Claim has been allowed by order of the Court entered on or before the Administrative Claims Bar Date or that has already been paid;

d.     any Administrative Claim on account of which a request for payment of Administrative Claim has already been filed with either DRC or the Clerk of the Bankruptcy Court; and

e.     governmental entities holding claims covered by sections 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

10.     Holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests; provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to the procedures set forth in this Order.

11.     If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders of claims shall file a proof of claim on or before ***the later of***: **(a) the General Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment or supplement to the Schedules is served on such entity** (the "Amended Schedule Bar Date"). Any such holders of claims shall be given notice of such deadline.

12.     Nothing in this Order shall prejudice any right of the Debtors or any other party-in-interest to dispute or assert offsets or defenses to any claim included in the Schedules.

13.     Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form, if required, shall not be treated

as a creditor with respect to such claim for purposes of voting on or distribution under any plan of reorganization filed in these chapter 11 cases.

14.    A copy of the notice substantially in the form attached hereto as Exhibit 1 (the "Bar Date Notice") hereby is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the General Bar Date on:

    a.    the U.S. Trustee;

    b.    counsel for the Creditors' Committee;

    c.    all persons or entities that have requested notice in these chapter 11 cases;

    d.    all persons or entities that have previously filed a proof of claim in these chapter 11 cases;

    e.    all known creditors and potential holders of claims as of the date of the Bar Date Order, including those listed in the Schedules as holding potential claims against the Debtors;

    f.    all parties to executory contracts and unexpired leases of the Debtors;

    g.    all parties to pending litigation with the Debtors;

    h.    the Internal Revenue Service and all known applicable taxing authorities and other governmental units;

    i.    such additional persons and entities as deemed appropriate by the Debtors.

15.    With regard to those holders of claims listed on the Schedules, the Debtors shall mail or electronically serve (if consented to by the claimant) one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim Form, indicating on such form how the Debtors have scheduled such claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

16.     The Debtors and DRC are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

17.     The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

18.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

19.     The requirements set forth in Local Rule 3003-1 and the Guidelines are satisfied.

20.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order.


Dated: New York, New York
        November 25, 2020

                                    /s/ **Michael E. Wiles**
                                    UNITED STATES BANKRUPTCY JUDGE


Approved in form and Substance:

Office of the United States Trustee

*/s/ Brian Masumoto*
By: Brian Masumoto, Esq.

Official Committee of Unsecured Creditors


*/s/ Mark T. Power*
By: Mark T. Power, Esq, Counsel

## **Exhibit 1**

Form of Bar Date Notice

MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 696-4848
Facsimile: (212) 696-1231
Andrew R. Gottesman, Esq.
Maria E. Garcia, Esq.
Gabriel Altman, Esq.

*Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**    Chapter 11
**SOUTHERN DISTRICT OF NEW YORK**

In re:

                                Case No. 20-12117 (MEW)

COSMOLEDO, LLC, *et al.*[1]

                                Jointly Administered

                Debtors.

## NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM FORMS ON OR BEFORE JANUARY 8, 2021

### TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED ON PAGES 1 AND 2 OF THIS NOTICE:

On _____, 2020, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No.: ___ ] (the "Bar Date Order") in the chapter 11 cases of Cosmoledo LLC ("Cosmoledo") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), establishing **January 8, 2021 at 4:00 p.m. (Eastern Time)** (the "General Bar Date") as the general deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to file a proof of claim against any of the Debtors listed below:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cosmoledo, LLC (6787); Breadroll, LLC, (3279); 688 Bronx Commissary, LLC (6515); 95 Broad Commissary, LLC (2335); 178 Bruckner Commissary, LLC (2581); 8 West Bakery, LLC (6421); NYC 1294 Third Ave Bakery, LLC (2001); 921 Broadway Bakery, LLC (2352); 1800 Broadway Bakery, LLC (8939); 1535 Third Avenue Bakery, LLC (1011); 2161 Broadway Bakery, LLC (2767); 210 Joralemon Bakery, LLC (4779); 1377 Sixth Avenue Bakery, LLC (9717); 400 Fifth Avenue Bakery, LLC (6378); 1400 Broadway Bakery, LLC (8529); 575 Lexington Avenue Bakery, LLC (9884); 685 Third Avenue Bakery, LLC (9613); 370 Lexington Avenue Bakery, LLC (0672); 787 Seventh Avenue Bakery, LLC (6846); 339 Seventh Avenue Bakery, LLC (1406); and 55 Hudson Yards Bakery, LLC (7583).

| Debtor | Debtor's EIN | Case Number |
|---|---|---|
| Cosmoledo, LLC | 38-3826787 | 20-12117 (MEW) |
| Breadroll, LLC | 46-3563279 | 20-12118 (MEW) |
| 688 Bronx Commissary, LLC | 47-3686515 | 20-12119 (MEW) |
| 95 Broad Commissary, LLC | 46-3062335 | 20-12120 (MEW) |
| 178 Bruckner Commissary, LLC | 46-3062581 | 20-12121 (MEW) |
| 8 West Bakery, LLC | 45-4956421 | 20-12122 (MEW) |
| NYC 1294 Third Ave Bakery, LLC | 45-4242001 | 20-12123 (MEW) |
| 921 Broadway Bakery, LLC | 46-0622352 | 20-12124 (MEW) |
| 1800 Broadway Bakery, LLC | 46-2318939 | 20-12125 (MEW) |
| 1535 Third Avenue Bakery, LLC | 46-4241011 | 20-12126 (MEW) |
| 2161 Broadway Bakery, LLC | 46-5702767 | 20-12127 (MEW) |
| 210 Joralemon Bakery, LLC | 47-4044779 | 20-12128 (MEW) |
| 1377 Sixth Avenue Bakery, LLC | 81-2969717 | 20-12129 (MEW) |
| 400 Fifth Avenue Bakery, LLC | 81-4386378 | 20-12130 (MEW) |
| 1400 Broadway Bakery, LLC | 81-4038529 | 20-12131 (MEW) |
| 575 Lexington Avenue Bakery, LLC | 81-4709884 | 20-12132 (MEW) |
| 685 Third Avenue Bakery, LLC | 82-1779613 | 20-12133 (MEW) |
| 370 Lexington Avenue Bakery, LLC | 82-1110672 | 20-12134 (MEW) |
| 787 Seventh Avenue Bakery, LLC | 82-2076846 | 20-12135 (MEW) |
| 339 Seventh Avenue Bakery, LLC | 82-3301406 | 20-12136 (MEW) |
| 55 Hudson Yards Bakery, LLC | 82-2627583 | 20-12137 (MEW) |

The General Bar Date, the other deadlines established by the Bar Date Order, and the procedures set forth below for filing proofs of claim apply to all claims against any of the Debtors that arose prior to **September 10, 2020**, the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), except for those holders of claims listed in Section 4 below that are specifically excluded from the filing requirements established by the Bar Date Order. Governmental units have until **March 10, 2021, at 4:00 p.m., Eastern Time**, the first business day following the date that is 180 days after the order for relief, to file proofs of claim.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date, and the claim is not of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain, or did not mature or become fixed, liquidated or certain before the Petition Date.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases (collectively, the "Bar Dates"):

a.    <u>General Bar Date</u>. Except as otherwise described in this Notice, all persons and entities that hold a claim against any of the Debtors that arose prior to the Petition

Date shall file a proof of claim as described in this Notice by **January 8, 2021** at 4:00 p.m., Eastern time. For the avoidance of doubt, the General Bar Date applies to claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim").

b.    Amended Schedule Bar Date. If any of the Debtors amends or supplements its schedules of assets and liabilities and statements of financial affairs filed in these cases (the "Schedules"), any claimant affected by such amendment or supplement must file a proof of claim or make any amendments to a previously filed proof of claim on or before the date that is **the later of (i) the General Bar Date and (ii) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant** (the "Amended Schedule Bar Date").

c.    Governmental Bar Date. All governmental units (as defined in section 101(27) of the Bankruptcy Code (as defined below)) holding claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date must file proofs of claim by **March 10, 2021, at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

d.    Rejection Bar Date. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the applicable General Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Bar Date Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Enclosed is a proof of claim form for use in these chapter 11 cases. You may also use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410. If your claim has been listed on the Debtors' Schedules, the attached proof of claim form also sets forth: (a) the amount of your claim as scheduled by the Debtors; (b) the identity of the Debtor against which your claim is scheduled; (c) whether your claim is scheduled as disputed, contingent or unliquidated; and (d) whether your claim is scheduled as a secured claim, an unsecured priority claim, or an unsecured nonpriority claim. You will receive a separate proof of claim form for each

claim scheduled in your name by the Debtors. You may utilize the claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms may be obtained at www.donlinrecano.com/maisonkayserusa or http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0.

All proofs of claim **must be signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. Your signature may be digitally signed if your claim is filed electronically. Each proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

All holders of claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. Each holder of a claim must identify on its proof of claim form the specific Debtor against which its claim is asserted. Any claim that references only the Debtors' joint administration case number (Cosmoledo, LLC, *et al.*, Case No. 20-12117) or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor Cosmoledo, LLC. If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first listed Debtor. A list of the names of the Debtors and their case numbers is set forth on pages 1 and 2 of this Notice.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed **so as to be received** on or before the applicable Bar Date:

**IF SENT BY UNITED STATES POSTAL SERVICE, SEND TO:**

Donlin, Recano & Company, Inc.
Re: Cosmoledo, LLC, *et al*.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**IF SENT BY HAND DELIVERY OR OVERNIGHT DELIVERY, SEND TO:**

Donlin, Recano & Company, Inc.
Re: Cosmoledo, LLC, *et al*.
6201 15th Avenue
Brooklyn, NY 11219

**IF ELECTRONICALLY:**

The website established by DRC, using the interface available on such website located at
https://www.donlinrecano.com/Clients/mk/FileClaim.

Proofs of claim will be deemed filed only when **received** at the address listed above or filed electronically on or before the applicable Bar Date. Proofs of claim may NOT be delivered by facsimile, telecopy or electronic mail transmission.

### 4.    CLAIMS FOR WHICH A PROOF OF CLAIM NEED <u>NOT</u> BE FILED

You do **not** need to file a proof of claim on or prior to the applicable Bar Date described in this Notice if your claim falls into one of the following categories:

(a)    Any that has been asserted in a filed, signed proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the Southern District of New York or with DRC, the Debtors' claims agent, in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    Any claim listed on the Schedules, provided that: (i) such claim is not scheduled as "disputed," "contingent" or "unliquidated," (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules, and (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any claim that has been allowed by a final order of the Court entered on or before the applicable Bar Date;

(d)    Any claim that has been paid in full by any of the Debtors;

(e)    A claim for which a different deadline previously has been fixed by order of the Court;

(f)    The claim of any Debtor against another Debtor, or any of the non-Debtor subsidiaries of Cosmoledo, LLC having a claim against any of the Debtors; and

(g)    Any claim that is allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense that arose after November 2, 2020.

If you are a holder of an equity interest in any of the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against any of the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

5.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date hereof, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM: (A) ASSERTING THE APPLICABLE CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY, OR (B) VOTING ON OR RECEIVING ANY DISTRIBUTION UNDER ANY PLAN OF REORGANIZATION IN THESE CHAPTER 11 CASES, EXCEPT, IN EACH CASE, TO THE EXTENT SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM HELD BY SUCH ENTITY.

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which lists

your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent or unliquidated. If you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor(s) specified by the Debtors in the Schedules, and if your claim is not described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules, the Bar Date Order and other information and documents regarding the Debtors' chapter 11 cases are available for a fee from the Court's website at https://ecf.nysb.uscourts.gov. A login and password to the Court's Public Access to Court Electronic Records ("PACER") system are required to access this information and can be obtained through the PACER Service Center at www.pacer.gov.

Copies of the Schedules, the Bar Date Order and other information and documents regarding these chapter 11 cases may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, NY 10004-1408; and are also available free from charge from the website of the Debtors' claims agent at www.donlinrecano.com/maisonkayserusa, or by written request to the Debtors' claims agent at the address listed above in Section 3 of this Notice or by calling 1 (800) 467-0821 (for callers in the United States).

Questions concerning the contents to this Notice and requests for proofs of claim should be directed to DRC at 1 (800) 467-0821 (for callers in the United States) or via email to maisonkayserusainfo.com. Please note that neither DRC staff nor counsel to the Debtors are permitted to give you legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: _____, 2020                    **BY ORDER OF THE COURT**
        New York, New York

## **Exhibit 2**

Proof of Claim Form

Proof of Claim

Fill in this information to identify the case (Select only one Debtor per claim form):

Your claim is scheduled by the Debtor as:

| | | |
|---|---|---|
| ☐ Cosmoledo, LLC<br>(Case No. 20-12117) | ☐ 921 Broadway Bakery, LLC<br>(Case No. 20-12124) | ☐ 1400 Broadway Bakery, LLC<br>(Case No. 20-12131) |
| ☐ Breadroll, LLC<br>(Case No. 20-12118) | ☐ 1800 Broadway Bakery, LLC<br>(Case No. 20-12125) | ☐ 575 Lexington Avenue Bakery, LLC<br>(Case No. 20-12132) |
| ☐ 688 Bronx Commissary, LLC<br>(Case No. 20-12119) | ☐ 1535 Third Avenue Bakery, LLC<br>(Case No. 20-12126) | ☐ 685 Third Avenue Bakery, LLC<br>(Case No. 20-12133) |
| ☐ 95 Broad Commissary, LLC<br>(Case No. 20-12120) | ☐ 2161 Broadway Bakery, LLC<br>(Case No. 20-12127) | ☐ 370 Lexington Bakery, LLC<br>(Case No. 20-12134) |
| ☐ 178 Bruckner Commissary, LLC<br>(Case No. 20-12121) | ☐ 210 Joralemon Bakery, LLC<br>(Case No. 20-12128) | ☐ 787 Seventh Avenue Bakery, LLC<br>(Case No. 20-12135) |
| ☐ 8 West Bakery, LLC<br>(Case No. 20-12122) | ☐ 1377 Sixth Avenue Bakery, LLC<br>(Case No. 20-12129) | ☐ 339 Seventh Avenue Bakery, LLC<br>(Case No. 20-12136) |
| ☐ NYC 1294 Third Ave Bakery, LLC<br>(Case No. 20-12123) | ☐ 400 Fifth Avenue Bakery, LLC<br>(Case No. 20-12130) | ☐ 55 Hudson Yards Bakery, LLC<br>(Case No. 20-12137) |

# Proof of Claim

4/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim arising under section 503(b)(9) of the Bankruptcy Code. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor? Name and address of the creditor.** | Name and address of creditor (the person or entity to be paid for this claim):<br><br><br><br><br>Other names the creditor used with the debtor: _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No          ☐ Yes.<br>From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g). | **Where should notices to the creditor be sent?**<br><br>Name: _____<br><br>Address: _____<br><br>City: _____ State: ____ Zip: _____<br><br>Phone: _____<br><br>Email: _____<br><br>**Where should payments to the creditor be sent? (if different)**<br><br>Name: _____<br><br>Address: _____<br><br>City: _____ State: ____ Zip: _____<br><br>Phone: _____<br><br>Email: _____ |
| 4. **Does this claim amend one already filed?** | ☐ No          ☐ Yes. Claim number on court claims registry (if known): _____          Filed on (MM/DD/YYYY): _____ |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No          ☐ Yes.<br>Who made the earlier filing? _____ |

## Part 2:   Give Information About the Claim as of the Date the Case was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No          ☐ Yes. Last 4 digits of the debtor's account or any identification number used: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $_____          **Does this amount include interest or other charges?**<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. _____ |
|---|---|
| 9. Is all or part of the claim secured? | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other (describe): _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____   **Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured** (the sum of the secured and unsecured amounts should match the amount in line 7):   $_____<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____   **Annual interest rate** (when case was filed): _____%   ☐ Fixed ☐ Variable |
| 10. Is this claim based on a lease? | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☐ Yes. Identify the property: _____ |
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.<br><br>* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | ☐ No<br>☐ Yes. *Check all that apply:*   **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____<br>☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____<br>☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____<br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____<br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____<br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____ |
| 13. Is all or part of the claim entitled to priority under 11 U.S.C. § 503(b)(9)? | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**   $_____ |

## Part 3:   Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date (MM/DD/YYYY): _____<br><br>Signature: _____<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>First name: _____ Middle: _____ Last: _____<br>Title: _____<br>Company (identify the corporate servicer as the company if the authorized agent is a servicer): _____<br>Address: _____<br>City: _____ State: _____ Zip: _____<br>Phone: _____ Email: _____ |

# Instructions for Proof of Claim

United States Bankruptcy Court                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.** You must fill in the specific Debtor name and case number against which your claim is being asserted. Indicate the Debtor against which you assert a claim by checking the appropriate box. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

- If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the reverse page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or  financial account number, and only the year of any  person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the claims agent's website (www.donlinrecano.com/maisonkayserusa) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Administrative expense claim under 11 U.S.C. § 503(b)(9):** Administrative expense claims under 11 U.S.C. § 503(b)(9) include a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101(10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101(13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. § 506 (a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the  particular property on which the creditor has a lien. Any  amount owed to a creditor that is more than the value of the  property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Cosmoledo, LLC, et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Cosmoledo, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

Alternatively, your claim can be filed electronically on DRC's website at:
https://www.donlinrecano.com/Clients/mk/FileClaim

**Do not file these instructions with your form.**

**<u>Exhibit 3</u>**

Administrative Claim Form

| United States Bankruptcy Court, Southern District of New York | ADMINISTRATIVE EXPENSE PROOF OF CLAIM |
|---|---|

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | |
|---|---|---|
| ☐ Cosmoledo, LLC (Case No. 20-12117) | ☐ 921 Broadway Bakery, LLC (Case No. 20-12124) | ☐ 1400 Broadway Bakery, LLC (Case No. 20-12131) |
| ☐ Breadroll, LLC (Case No. 20-12118) | ☐ 1800 Broadway Bakery, LLC (Case No. 20-12125) | ☐ 575 Lexington Avenue Bakery, LLC (Case No. 20-12132) |
| ☐ 688 Bronx Commissary, LLC (Case No. 20-12119) | ☐ 1535 Third Avenue Bakery, LLC (Case No. 20-12126) | ☐ 685 Third Avenue Bakery, LLC (Case No. 20-12133) |
| ☐ 95 Broad Commissary, LLC (Case No. 20-12120) | ☐ 2161 Broadway Bakery, LLC (Case No. 20-12127) | ☐ 370 Lexington Bakery, LLC (Case No. 20-12134) |
| ☐ 178 Bruckner Commissary, LLC (Case No. 20-12121) | ☐ 210 Joralemon Bakery, LLC (Case No. 20-12128) | ☐ 787 Seventh Avenue Bakery, LLC (Case No. 20-12135) |
| ☐ 8 West Bakery, LLC (Case No. 20-12122) | ☐ 1377 Sixth Avenue Bakery, LLC (Case No. 20-12129) | ☐ 339 Seventh Avenue Bakery, LLC (Case No. 20-12136) |
| ☐ NYC 1294 Third Ave Bakery, LLC (Case No. 20-12123) | ☐ 400 Fifth Avenue Bakery, LLC (Case No. 20-12130) | ☐ 55 Hudson Yards Bakery, LLC (Case No. 20-12137) |

## Proof of Administrative Expense Claim

**Read the instructions before filling out this form.** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases, to have claims arising during the period from September 10, 2020 through and including November 2, 2020 allowed as an administrative expense, this form must be filed with Donlin, Recano & Company, Inc., so as to be received by December 30, 2020 at 4:00 p.m. (Prevailing Eastern Time).

**Do <u>not</u> use this form to make a request for payment of an administrative expense under 11 U.S.C. § 503(b)(9).**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

_____
Name

_____
Address

_____
City                          State          Zip Code

Contact Phone _____

Contact Email _____

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Address

_____
City                          State          Zip Code

Contact Phone _____

Contact Email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
— — — — — — — — — — — — — — — — — — — — — — — —

**4. Does this claim amend one already filed?**

☐ No

☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

| | |
|---|---|
| **5. Do you know if anyone else has filed an Administrative Expense proof of claim for this claim?** | ❑ No<br>❑ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim** |
|---|---|

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No<br><br>❑ Yes. Last 4 digits of the debtor's account or any identification number used to identify the debtor: ___ ___ ___ ___ |
| **7. How much is the Administrative Expense Claim?** | $_____.   **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. Basis for claim:** | _____<br>_____<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>❑ I am the creditor.<br>❑ I am the creditor's attorney or authorized agent.<br>❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Administrative Expense *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Administrative Expense *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____<br>        MM / DD / YYYY<br><br>_____<br>Signature<br>**Print the name of the person who is completing and signing this claim:**<br><br>Name _____<br>        First name        Middle name        Last name<br>Title _____<br>Company _____<br>        Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Address _____<br>        Number        Street<br>        _____<br>        City        State        Zip Code<br>Contact Phone _____   Email _____ |

**Facsimile, email, or electronic submissions will not be accepted. Claims shall be deemed filed when actually received by Donlin, Recano, & Company, Inc., as provided in the Instructions. To receive an acknowledgment of the timely submission of your claim, enclose a stamped, self-addressed envelope and copy of this Administrative Expense Proof of Claim form.**

**Administrative Expense Proof of Claim**                    page 2

# Instructions for Administrative Expense Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in the caption at the top of the form.** You must fill in the specific Debtor name and case number against which your claim is being asserted. Indicate the Debtor against which you assert a claim by checking the appropriate box. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists.

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the claims agent's website (www.donlinrecano.com/maisonkayserusa) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt.

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Uniform claim identifier:** An optional 24-character identifier  that some creditors use to facilitate electronic payment.

**Do not file these instructions with your form.**

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**PLEASE SEND COMPLETED ADMINISTRATIVE PROOF(S) OF CLAIM TO:**

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Cosmoledo, LLC, *et al.*
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Cosmoledo, LLC, *et al.*
6201 15th Avenue
Brooklyn, NY 11219

Alternatively, your claim can be filed electronically on DRC's website at:
https://www.donlinrecano.com/Clients/mk/FileClaim