**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
Kathleen M. Aiello

*Counsel to 175 East 74th Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
COSMOLEDO, LLC *et al.*[1]                          :
                                                   :        Case No. 20-12117 (MEW)
                                                   :
                        Debtors.                   :        (Jointly Administered)
-------------------------------------------------------x

**DECLARATION OF DEBORAH GINSBERG IN SUPPORT OF 175 EAST 74TH
CORPORATION'S OBJECTION TO MK USA, LLC'S MOTION TO ENFORCE THE
ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (B)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (C) GRANTING
RELATED RELIEF AGAINST 175 EAST 74TH CORPORATION**

I, Deborah Ginsberg, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1.      I am a resident of 175 East 74th Street and a member of the board of the residential

cooperative apartment corporation known as 175 East 74 Street Corporation (the "Landlord"). I

am authorized to execute this declaration (the "Declaration") on behalf of the Landlord. If called

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Cosmoledo, LLC (6787); Breadroll, LLC (3279); 688 Bronx Commissary, LLC (6515); 95 Broad
Commissary, LLC (2335); 178 Bruckner Commissary, LLC (2581); 8 West Bakery, LLC (6421); NYC 1294 Third
Ave Bakery, LLC (2001); 921 Broadway Bakery, LLC (2352); 1800 Broadway Bakery, LLC (8939); 1535 Third
Avenue Bakery, LLC (1011); 2161 Broadway Bakery, LLC (2767); 210 Joralemon Bakery, LLC (4779); 1377 Sixth
Avenue Bakery, LLC (9717); 400 Fifth Avenue Bakery, LLC (6378); 1400 Broadway Bakery, LLC (8529); 575
Lexington Avenue Bakery, LLC (9884); 685 Third Avenue Bakery, LLC (9613); 370 Lexington Avenue Bakery, LLC
(0672); 787 Seventh Avenue Bakery, LLC (6846); 339 Seventh Avenue Bakery, LLC (1406); and 55 Hudson Yards
Bakery, LLC (7583).

upon to testify, I could and would competently testify to the facts set forth herein based on my personal knowledge of those facts, events and transactions.

2.      I submit this Declaration in support of *175 East 74th Street Corporation's Objection* (the "Objection") *to MK USA, LLC's Motion to Enforce the Order (A) Approving the Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (C) Granting Related Relief against 175 East 74th Corporation* (the "Motion").

3.      At all times relevant to the Motion and with respect to any of my interactions with Aurify or its advisors and professionals, I was acting in my personal capacity and as a member of the Landlord's board, not as a financial advisor as inaccurately and inappropriately alleged in Aurify's Motion. *See* Motion at ¶ 15.

## **PRELIMINARY STATEMENT**

4.      As set forth at length in the Objection, Aurify's Motion is unnecessary and should be denied.  Moreover, the Bankruptcy Court should enforce its own *Order (I) Authorizing (a) Rejection of Certain Unexpired Leases of Nonresidential Real Property and (B) Abandonment of Certain Personal Property in Connection Therewith Each Effective as of a Sale Hearing and ((II) Granting Related Relief* (the "Abandonment Order") [ECF No. 165], entered on November 2, 2020.

5.      The Abandonment Order is perfectly clear and the Landlord was entirely within reason to rely on the unambiguous terms of the Abandonment Order regarding the disposition of the furniture, fixtures and equipment (the "FF&E") remaining on the Landlord's premises located at 175 East 74th Street, New York, New York (the "Premises") after the Debtors in the above-captioned chapter 11 cases, rejected the lease it maintained with the Landlord (the "Lease").

## RELEVANT BACKGROUND

6.      I respectfully refer the Court to the Abandonment Order and the Debtors' *Motion of the Debtors for Orders (I) Scheduling Hearing to Consider (A) Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher And Better Offers And (B) Assumption and Assignment of Leases and Executory Contracts; (II) Scheduling Hearing to Consider Approval of Stalking Horse Agreement, Related Bid Protection and Bidding Procedures for the Conduct of an Auction; (III) Fixing a Cure Claims Bar Date with Respect to the Assumption of Leases and Executory Contracts; (IV) Fixing Manner and Notice of Sale Hearing; (V) Authorizing the Debtors to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; (VI) Authorizing Assumption and Assignment of Leases and Executory Contracts; and (VII) Granting Related Relief* (the "Sale Motion") [ECF No. 18], along with the transcript of the hearing on the Sale Motion held before this Court on October 29, 2020 (the "Sale Hearing"), for a full recitation of the facts and circumstances leading up to the entry of the Abandonment Order.

7.      This Declaration only includes herein those facts that occurred after the Sale Hearing to which this Court is unaware and of which I have personal knowledge.

8.      On October 30, 2020 at 2:23 p.m. (the "Mehl October 30th Email"), I was contacted by Spence J. Mehl, Senior Vice President of RCS Real Estate Advisors ("RCS"), real estate advisor to Aurify, who, by email requested the Landlord's written consent to Aurify's offer that the proposed tenant (Aurify) has not removed certain fixtures, furniture and equipment ("FFE") that it otherwise would have removed and Landlord would waive any rent, fees, expenses or other charges from and after November 2, 2020 until November 9, 2020, while the parties continue

negotiating in good faith regarding a potential new lease. A true and correct copy of the October 30th e-mail communication is annexed hereto as <u>Exhibit 1</u>.

9.      On October 30, 2020 at 6:39 p.m. (the "<u>Ginsberg October 30th Email</u>"), I responded to Mr. Spence with a counteroffer that the Landlord would agree not to remove the FF&E on the Premises, provided that, Aurify, by and through RCS, would agree to satisfy a number of other conditions and terms required by the Landlord. Many of these terms proposed in the Landlord's counteroffer to Aurify incorporated the rules and guidelines of the Landlord's residential cooperative apartment corporation. *See* <u>Exhibit 1</u> at p. 2.

10.     I did not receive a response to the Ginsberg October 30th Email on October 31, 2020.

11.     I did not receive a response to the Ginsberg October 30th Email on November 1, 2020.

12.     I did not receive a response to the Ginsberg October 30th Email on November 2, 2020.

13.     On November 2, 2020 at 12:25 p.m., the Bankruptcy Court entered the Abandonment Order on the docket for the Debtors' Chapter 11 Cases.

14.     On November 2, 2020 at 11:59 p.m., by the clear terms of the Abandonment Order, the landlords, including this Landlord, were "**authorized to dispose of FF&E in their sole and absolute discretion without liability to the Debtors or any third party upon such abandonment**." *See* Abandonment Order at ¶ 7.

15.     On November 3, 2020 at 9:55 a.m. (the "<u>Ginsberg November 3rd Email</u>"), I sent an email to Mr. Mehl noting his lack of response to and revoking the Landlord's (counter)offer in the Ginsberg October 30th Email. The Ginsberg November 3rd Email made clear that the

Abandonment Order will govern the disposition of the FF&E and the other terms contained in the Ginsberg October 20th Email. *See* Exhibit 1 at p. 2.

16.     I have not had anything further communications with Mr. Mehl since the Ginsberg November 3rd Email.

17.     On November 5, 2020, the Landlord's counsel received a letter from Aurify's counsel.

## **CONCLUSION**

18.     The Abandonment Order is clear and unambiguous regarding the disposition of the FF&E on the Landlord's Premises.  The Landlord reasonably relied on the clear terms of the Abandonment Order in its communications with Aurify.  Aurify's Motion is nothing more than its attempt to get a second bite at the relief granted in the Abandonment Order.  Thus, Aurify's Motion should be denied, the Abandonment Order enforced and the Landlord entitled to dispose of the FF&E on its Premises in its "sole and absolute discretion without liability to the Debtors or any third party upon such abandonment."

I declare under penalty of perjury that the foregoing is true and correct.


Executed: February 7, 2020
            New York, New York

                                                        */s/ Deborah Ginsberg*
                                                        Deborah Ginsberg
                                                        175 East 74th Corporation

# **Exhibit 1**

| | |
|---|---|
| **From:** | Deborah Ginsberg |
| **To:** | Spence Mehl |
| **Cc:** | Mikel Marku; Neil Rappaport; Limor Geller |
| **Subject:** | Re: 1294 3rd Ave MK |
| **Date:** | Tuesday, November 3, 2020 9:54:35 AM |

Spence,

Given that we haven't heard from you regarding the below and the bankruptcy order that was entered yesterday provides otherwise, the terms of the bankruptcy order will govern the disposition of the FF&E and the other terms contained below.

We're talking to Aurify directly and still remain optimistic that we will reach a mutually beneficial agreement.

Best,
Deborah

Sent from my iPad

> On Oct 30, 2020, at 6:39 PM, Deborah Ginsberg <deborah.ginsberg@gmail.com> wrote:

Spence, thanks for your note and for taking the time to speak earlier.

To confirm, Landlord agrees to waive collection of base rent from Aurify, the prospective new tenant, from the date of receipt of Notice of Rejection from the debtor through November 9, 2020, to accommodate discussions around a potential new lease agreement in recognition that Aurify's personal property ("FFE") will remain on the premises.

With respect to the removal of FFE located at the premises, in the event that a new lease agreement is not agreed, Landlord requires that you submit the list of items to be removed, and the persons that will participate in such removal, including contractors and subcontractors, if any, so that we can review and coordinate with building management to ensure compliance with all building requirements.

If at any time either party terminates discussions around a new lease (which must be by written notice, including email, directed to Spence Mehl and/or Warren Kiersh, of RCS), the proposed tenant and its agents shall have three business days following the date of such notice of termination to remove FFE located at the premises, which removal must comply with the building rules and regulations of 175 East 74th Street Corporation, in all respects, including without limitation, provision of certificates of insurance and hold harmless agreements from all persons who enter the property.

If such FFE is not removed within three business days of such notification, the FFE will be deemed abandoned by the proposed tenant and shall immediately become the property of Landlord without the requirement of any further action.

By reply email, kindly acknowledge receipt of this email and your agreement with these terms.

Thanks,
Deborah

Sent from my iPad

> On Oct 30, 2020, at 2:23 PM, Spence Mehl <smehl@rcsrealestate.com> wrote:

> Dear Deborah:,

> In recognition of the ongoing and constructive discussions between Landlord and proposed tenant, the proposed tenant has not removed certain fixtures, furniture and equipment ("FFE") that it otherwise would have removed. To accommodate continued discussions about a potential new lease agreement, Landlord agrees to waive any rent, fees, expenses or other charges from and after November 2, 2020 until November 9, 2020. During that time, the parties will continue negotiating in good faith about a potential new lease agreement. If at any time either party terminates those discussions (which must be by written notice, including email), the proposed tenant and its agents shall have three business days following the date such notice of termination is received to remove FFE located at the premises, otherwise such FFE owned by proposed tenant shall be deemed abandoned to the Landlord.

> --------------------------------------------------------------------------------
> Spence J. Mehl - Senior Vice President

> **RCS Real Estate Advisors**
> **Innovative Solutions for the Retail Industry**

> 470 7th Avenue  | New York, NY 100018

> T  212 300 5375
> M 718 781 9064

> smehl@rcsrealestate.com
> www.rcsrealestate.com